TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELIA HERRERA (Cal. Bar No. 293278)
ASHLEY FILLMORE (Cal. Bar. No. 332167)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2024
    Facsimile: (213) 894-0141
    Email:    elia.herrera@usdoj.gov
            ashley.fillmore@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 20-CR-00227-PA-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT MARINA HAGHNAZARIAN |
| v. | |
| MARINA HAGHNAZARIAN, | Hearing Date: November 8, 2021<br>Hearing Time: 8:30 A.M.<br>Location:    Courtroom of the |
| Defendant. |               Hon. Percy Anderson |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Elia Herrera and Ashley Fillmore, hereby files its sentencing position with respect to defendant Marina Haghnazarian.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report prepared by the United States Probation and Pretrial Services Office, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 18, 2021          Respectfully submitted,

                                 TRACY L. WILKISON
                                 Acting United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                  /s/
                                 _____
                                 ELIA HERRERA
                                 ASHLEY FILLMORE
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.   INTRODUCTION**

On August 16, 2021, defendant pleaded guilty, pursuant to a plea agreement, to bank fraud, in violation of 18 U.S.C. § 1344(2) (Count Five of the indictment). (Dkt. No. 107.)  On October 4, 2021, the United States Probation and Pretrial Services Office ("USPO") filed its Presentence Investigation Report ("PSR").  (Dkt. No. 116.) Therein, probation concluded that defendant's total offense level is 14, her criminal history category is I, and her Guidelines range is 15 to 21 months' imprisonment.  (PSR ¶ 103.)  Probation identified no factors that would warrant any downward departure or variance below the Guidelines range. (<u>Id.</u> ¶ 117.)

The government concurs with the USPO's calculation of defendant's offense level and criminal history; however, considering the sentencing factors laid out in 18 U.S.C. § 3553(a), the government also moves for an additional two-level downward variance, which brings the total offense level down to 12, resulting in a Guidelines range of 10-16 months.  As set forth below, the government respectfully recommends a low-end Guidelines sentence of 10 months' imprisonment, two years' supervised release, $57,989.61 in restitution, and a $100 special assessment.

**II.   DEFENDANT'S CRIMES**

The facts relevant to sentencing are accurately set forth in the PSR and the plea agreement.  (PSR ¶¶ 12-23; Dkt. No. 107 ¶ 11.)  In summary, beginning at an unknown date and continuing through on or about May 2020, defendant and her codefendant, Arno Abramian, engaged in a scheme to defraud financial institutions.  (<u>Id.</u>)  Specifically, codefendant Abramian would steal checks, debit cards, and credit

cards from mailboxes, and defendant and other associates would open bank accounts at financial institutions in the names of victim businesses.  (Id.)  Codefendant Abramian would then deposit the stolen checks into the fraudulent bank accounts, and defendant, codefendant Abramian, and their associates would withdraw, transfer, and otherwise steal money from the fraudulent bank accounts.  (Id.)

In total, defendant's scheme caused an intended loss of approximately $113,912.16 and actual losses of approximately $57,989.61.  (PSR ¶ 35.)

## III. THE PRESENTENCE REPORT

Based on these facts, defendant's base offense level is 14, under USSG § 2B1.1(a)(1); the loss (approximately $113,912.16) warrants an eight-level increase, under USSG § 2B1.1(b)(1)(E); the number of victims (10 or more) warrants a two-level increase, under USSG § 2B1.1(b)(2)(A)(i); and defendant's timely acceptance of responsibility warrants a three-level decrease, under USSG § 3E1.1. (Id. ¶¶ 31-45.)  As such, defendant's total offense level is 14. (Id. ¶ 45.)

Defendant has no criminal history points, which places her in criminal history category I.  (Id. ¶¶ 43-54.)

An offense level of 14 and a criminal history category of I place defendant's Guidelines range at 15 to 21 months' imprisonment.

## IV. MOTION FOR TWO-LEVEL DOWNWARD VARIANCE

The government now moves for a two-level downward variance pursuant to the factors set forth in 18 U.S.C. § 3553(a) in recognition of defendant's personal history and characteristics, as contemplated by the plea agreement.  (Dkt. No. 107 ¶ 3(e).)  Such a variance is appropriate in light of defendant's lack of criminal

history and her limited role in the instant offense.  The instant conduct appears to be an aberration in an otherwise law-abiding life, for which defendant has fully accepted responsibility.

With the two-level variance, defendant's total offense level would be 12.  An offense level of 12 and a criminal history category of I place defendant's Guidelines range at 10 to 16 months' imprisonment.

**V.   THE GOVERNMENT'S RECOMMENDED SENTENCE**

The government respectfully recommends that the Court sentence defendant to a low-end Guidelines sentence of 10 months' imprisonment, two years' supervised release, $57,989.61 in restitution, and a $100 special assessment.  The government believes that such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

1.   Nature and Circumstances of the Offense, § 3553(a)(1)

The nature and circumstances of defendant's offense warrant a custodial sentence.  Defrauding banks and using others' identities causes serious economic and reputational harm to both institutional and individual victims.  Defendant and her codefendant's crimes were deceitful and caused harm to victim businesses and hurt individual victims' credit scores, limited their financial options.  The range and scope of defendant and her codefendant's scheme is notable, as they executed the fraudulent scheme repeatedly over the course of several months.

2.   History and Characteristic of Defendant, § 3553(a)(1)

In mitigation, defendant's history and characteristics weigh in favor of a low-end sentence.  Defendant suffered many hardships from a young age.  Defendant lost her mother to cancer at a young age; her

family experienced poverty as a child; and sadly she suffered sexual abuse at the hands of her father's friend.  (PSR ¶ 60-62, 65.)  In the wake of her mother's death, defendant's father became depressed and addicted to drugs.  (Id. ¶ 64.)  Defendant herself began abusing drugs as a teenager.  (Id.)  While defendant's childhood difficulties do not excuse her conduct, it helps illuminate the circumstances that led her to commit the instant crime.  Defendant appears to have a close relationship with her family and steady employment (Id. ¶¶ 63, 86-88); this foundation will greatly improve her chances of continuing on a law-abiding path.

### 3.   Need for Deterrence and to Promote Respect for the Law, § 3553(a)(2)

The sentence must satisfy defendant's need for punishment or rehabilitation, as well as society's need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public.  There is a strong need for the sentence to specifically deter defendant from committing future crimes and generally deter others from committing similar crimes.  18 U.S.C. §3553(a)(2)(B) (the sentence imposed is required "to afford adequate deterrence to criminal conduct," which encompasses both specific and general deterrence); United States v. Goff, 501 F.3d 250, 261 (3d Cir. 2007).

Given that defendant has never before spent a significant period in custody, a 10-month sentence is sufficient time to impress upon defendant the seriousness of her crimes and give her time to consider the consequences of her actions.  In addition, two years' supervised release would hold defendant accountable for her future actions and hopefully deter her from committing future crimes.

4

On balance, the government's recommendation of 10 months' custody appropriately balances the nature of the crime with the mitigating considerations related to defendant's percent history, as well as the fact that defendant has fully accepted responsibility in this matter.

### 4.   Restitution

The Court should also order defendant to make full restitution to the victims of her crimes, as defendant has already agreed to do. (Dkt. 107 ¶ 6.)  The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664, applies.  See 18 U.S.C. § 3663A(c)(1)(A)(ii); PSR ¶ 24.  Under the MVRA, a district court must order restitution in such a case where "an identifiable victim or victims has suffered a . . . pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B).  Thus, this Court should impose an order of restitution in favor of the victim for the full amount of their losses, $57,989.61, as set forth in Paragraph 113 of the PSR.  See 18 U.S.C. § 3664(f)(1)(A); USSG § 5E1.1 (directing the sentencing court to enter a restitution order if there is an identifiable victim).

After determining the amount of restitution and victims, the Court then must determine the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of (a) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (b) projected earnings and other income of the defendant; and (c) any financial obligations of the defendant, including obligations to dependents.  Id. § 3664(f)(2).  In making these determinations, the burden is on the defendant to demonstrate financial resources and financial needs of dependents.  Id. § 3664(e).  Based on this

information, the Court "may direct the defendant to make a single lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." Id. § 3664(f)(3)(A).

Pursuant to 18 U.S.C. § 3572(d), in the absence of a finding that, in the interests of justice, restitution should not be due immediately, restitution is due at the time of sentencing.  Here, and probation concluded that defendant would be able to make nominal payments of at least $100 per month.  (PSR ¶ 101.)  While the interest of justice may delay the restitution payment while she is in custody, defendant should be required to pay full restitution within "the shortest time in which full payment can reasonably be made." 18 U.S.C. §§ 3572(d)(3).  The government recommends a period of no more than five years from the date of defendant's release to meet her full restitution obligation.[1]

**VI.   CONCLUSION**

For the foregoing reasons, the government respectfully recommends a sentence of 10 months' imprisonment, two years' supervised release, $57,989.61 in restitution, and a $100 special assessment.

---

[1] The Court then could adjust its order in response to changed circumstances: "A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k).